United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARRETT DANIEL EKMAN,  )
              Petitioner,  )
  vs.  )
   )
PEOPLE OF THE STATE OF  )
CALIFORNIA,  )
              Respondent.  )

No. C 03-00517 JW (PR)

ORDER TO SHOW CAUSE

Petitioner, an inmate at the California State Prison in Corcoran, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee. Petitioner was given leave to file an amended petition because his original petition was not on the appropriate form nor contained adequate information for this Court to review. The amended petition is now before the Court for initial review.

///

///

///

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.03\Ekman517_osc.wpd

**BACKGROUND**

According to the petition, petitioner was convicted of auto theft, which constituted as a third strike against petitioner. Petitioner was sentenced on or about September 4, 2001, to twenty-six years to life in state prison.

Petitioner claims that he exhausted his state judicial remedies before proceeding with the instant federal habeas petition.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner raises three claims for relief: 1) he was placed in a photo-lineup without the presence of counsel, which constitutes an unlawful search and seizure; 2) ineffective assistance of counsel for failing to argue the unlawfulness of the photo-lineup at trial; and 3) innocence. Liberally construed, only the second of petitioner's claims appears cognizable under § 2254 and merits an answer from respondent. Claims one and three are dismissed for the following reasons.

    1. <u>Unlawful search and seizure</u>

Federal habeas review of Fourth Amendment claims is not available unless the state did not provide an opportunity for full and fair litigation of those claims. <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 481-82, 494 (1976). Even if the state

court's determination of the Fourth Amendment issue is improper, it will not be remedied in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to litigate the issue. See Locks v. Sumner, 703 F.2d 403, 408 ( 9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. See Gordon v. Duran, 895 F. 2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). In light of the fact that petitioner had the opportunity to, and did, litigate his Fourth Amendment claims in state court, his federal habeas claim that the photo line-up was invalid is legally meritless and therefore must be DISMISSED.

    2.    Innocence

According to petitioner, there is "overwhelming evidence of [his] complete innocence" and "the very fact that [he] was with District Attorney witnesses... and then running from the police all at the same time this crime transpires was already known before charges were applied." (Pet. at 5.) Petitioner further states: "I don't believe I can be put into a photo line-up and charged legally because I was with someone during the commission of the crime and this is my case. The trial was illegal." Id. This claims is DENIED as without merit. Petitioner's purported claim of "complete innocence" amounts to no more than a free-standing claim of actual innocence not cognizable in federal habeas. Claims of actual innocence, even if based on newly discovered evidence, have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Herrera v. Collins, 506 US 390, 400 (1993). Our court of appeals has made clear that after Herrera there can be no habeas relief based solely on a petitioner's claim of actual innocence of the crime. See Coley v. Gonzalez, 55 F.3d 1385, 1387 (9th Cir. 1995); Swan v Peterson, 6 F.3d 1373, 1384 (9th Cir. 1993). That Herrera left open the question of

whether "execution" of a factually innocent person violates the Constitution does not compel a different result. This is not a capital case. Accordingly, this claim is DISMISSED.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.03\Ekman517_osc.wpd            4

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED:   June 7, 2007

JAMES WARE
United States District Judge